UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) | |
| Plaintiff, | ) ) | No. 25-cv-00605 |
| v. | ) ) ) | **CONSENT ORDER** |
| DRAPER & KRAMER MORTGAGE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## INTRODUCTION

The Consumer Financial Protection Bureau (Bureau) commenced this civil action to obtain injunctive relief and civil penalties from Draper & Kramer Mortgage Corporation ("DKMC"). The Complaint alleges violations of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f; Regulation B, 12 C.F.R. part 1002; and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A), in connection with DKMC's mortgage lending in the Chicago-Naperville-Elgin, IL-IN-WI Metropolitan Statistical Area (Chicago MSA) and the Boston-Cambridge-Newton, MA-NH Metropolitan Statistical Area (Boston MSA). The Bureau alleges that DKMC unlawfully discriminated by redlining Majority-Black and Hispanic Census Tracts in the Chicago and Boston MSAs in its residential mortgage lending. In 2024, DKMC voluntarily ceased originating mortgage loans and has wound down its mortgage-lending business in order to pursue alternative lines of business.

The Bureau and DKMC (together, the Parties) agree to entry of this Consent Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

**FINDINGS**

1. This Court has jurisdiction over the parties and the subject matter of this action, and venue in this district is proper.

2. DKMC neither admits nor denies the allegations in the Complaint, except as specified in this Order. For purposes of this Order, DKMC admits the facts necessary to establish the Court's jurisdiction over DKMC and the subject matter jurisdiction related to the Lawsuit Subject Matter.

3. DKMC waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

**DEFINITIONS**

5. The following definitions apply to this Order:

   a. "Assist Others" includes, but is not limited to the following services performed for or on behalf of a company providing residential mortgages:

      i. consulting;

      ii. providing paralegal or administrative support services;

      iii. performing customer-service functions, including but not limited to receiving or responding to consumer complaints or running a call center to enroll consumers;

      iv. formulating or providing, or arranging for the formulation or provision of any advertising or marketing material;

      v. providing names of, or assisting in the generation of, potential customers;

      vi. performing marketing, billing, or payment services of any kind; and

      vii. acting or serving as an owner, officer, director, manager, or principal of any entity that provides residential mortgage-lending services.

b. "Board" means DKMC's duly-elected and acting Board of Directors.

c. "Boston MSA" means the Boston-Cambridge-Newton, MA-NH Metropolitan Statistical Area.

d. "Bureau" means the Consumer Financial Protection Bureau.

e. "Chicago MSA" means the Chicago-Naperville-Elgin, IL-IN-WI Metropolitan Statistical Area.

f. "DKMC" means Draper & Kramer Mortgage Corporation and its successors and assigns.

g. "Effective Date" means the date on which the Order is entered by the Court.

h. "Lawsuit Subject Matter" means the allegations in the Complaint filed by the Bureau against DKMC in this matter.

i. "Majority-Black and Hispanic Census Tract" or "Majority-Black and Hispanic Neighborhood" means a census tract where more than 50% of the residents are identified as either "Black or African American" or "Hispanic or Latino" by the United States Census Bureau.

j. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency

brought against DKMC based on substantially the same facts as alleged in the Complaint.

## CONDUCT PROVISIONS

## I.

### Prohibited Conduct

**IT IS ORDERED** that:

6. DKMC, and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from engaging in any act or practice that discriminates on the basis of race, color, or national origin in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691-1691f; Regulation B, 12 C.F.R. part 1002; or the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5536(a)(1)(A). Nothing else in this Order will be read as an exception to this Paragraph.

7. DKMC, whether acting directly or indirectly, shall not engage or Assist Others in any residential mortgage lending activities, including advertising, marketing, promoting, offering, providing, originating, administering, servicing, selling, or assigning mortgage loans, or otherwise participating in or receiving remuneration from any residential mortgage lending activities for a period of 5 years from the Effective Date.

## MONETARY PROVISIONS

## II.

### Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

4

8. Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, DKMC must pay a civil money penalty of $1,500,000 to the Bureau.

9. Within 10 days of the Effective Date, DKMC must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

10. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

11. DKMC, for all purposes, must treat the civil money penalty paid under this Order as a penalty paid to the government. Regardless of how the Bureau ultimately uses those funds, DKMC may not:

    a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order or

    b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

12. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, DKMC may not argue that DKMC is entitled to, nor may DKMC benefit by, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against DKMC based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, DKMC must, within 30 days after entry of a final order granting such

offset or reduction, notify the Bureau, and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## III.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

13. In the event of any default on DKMC's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of entry of judgment to the date of payment, and will immediately become due and payable.

14. DKMC relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to DKMC.

15. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any subsequent action by the Bureau to enforce the Order or its rights to any payment or monetary judgment under the Order.

16. DKMC acknowledges that its Taxpayer Identification Number, which DKMC previously submitted to the Bureau, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

17. Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, DKMC must notify the Bureau of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that DKMC paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## COMPLIANCE PROVISIONS

### IV.

### Role of the Board

**IT IS FURTHER ORDERED** that:

18.     DKMC's Board has the ultimate responsibility for ensuring that DKMC complies with this Order.

19.     DKMC's Board must:

  a. authorize whatever actions are necessary for DKMC to assess whether DKMC is complying with each applicable paragraph and subparagraph of this Order;

  b. authorize whatever actions, including corrective actions, are necessary for DKMC to fully comply with each applicable paragraph and subparagraph of this Order; and

  c. require timely reporting by management to DKMC's Board on the status of compliance obligations.

### V.

### Reporting Requirements

**IT IS FURTHER ORDERED** that:

20.     DKMC must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against DKMC; or a

change in DKMC's name or address. DKMC must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 30 days after the development.

21. Within 7 days of the Effective Date, DKMC must:

   a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with DKMC;

   b. identify all businesses for which DKMC is the majority owner, or that DKMC directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

   c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

22. DKMC must report any change in the information required to be submitted under Paragraph 21 least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

## VI.

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

23. Within 7 days of the Effective Date, DKMC must submit to the Bureau an acknowledgement of receipt of this Order, sworn under penalty of perjury.

24. Within 30 days of the Effective Date, DKMC must deliver a copy of the Complaint and this Order to each of its board members and executive officers.

25. DKMC must deliver a copy of the Complaint and this Order to any business entity resulting from any change in structure referred to in Section V, and any future board members and executive officers, before they assume their responsibilities.

26. DKMC must secure a signed and dated statement acknowledging receipt of a copy of this Order, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

27. Ninety days from the Effective Date, DKMC must submit to the Bureau a list of all persons and their titles to whom this Order has been delivered under this Section and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 26.

## VII.

### Recordkeeping

**IT IS FURTHER ORDERED** that:

28. DKMC must create, or if already created, must retain all documents and records necessary to demonstrate full compliance with this Order, including all submissions to the Bureau.

29. All documents and records must be maintained in their original electronic format. Data must be centralized, and maintained in such a way that access, retrieval, auditing and production are not hindered.

30. DKMC must make the documents identified in Paragraph 29 available to the Bureau upon the Bureau's request.

## VIII.

### Notices

**IT IS FURTHER ORDERED** that:

31. Unless otherwise directed in writing by the Bureau, DKMC must provide all submissions, requests, communications, or other documents relating to this Order by email, with

the subject line "CFPB vs. Draper & Kramer Mortgage Corporation, Case No. [X],"and send them contemporaneously by email to:

Enforcement_Compliance@cfpb.gov, addressed as follows:

ATTN: Supervision Director
Consumer Financial Protection Bureau
Supervision Division

ATTN: Enforcement Director
Consumer Financial Protection Bureau
Enforcement Division

## IX.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

32. Within 14 days of receipt of a written request from the Bureau, DKMC must submit any requested information related to compliance with this Order, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

33. DKMC must permit Bureau representatives to interview any employee or other person affiliated with DKMC who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct alleged in the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

34. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

## ADMINISTRATIVE PROVISIONS

**IT IS FURTHER ORDERED** that:

35. Except Paragraph 6 where this Order expressly provides that its requirements are permanent, all other provisions of this Order will terminate on the later of 5 years from the

Effective Date or 5 years from the most recent date that the Bureau initiates an action alleging any violation of the Order, if such motion is filed within 5 years of the Effective Date. If in such action the Court rules that DKMC did not violate any provision of the Order, and the dismissal or ruling is either not appealed or upheld on appeal, then the Order will terminate as though action had never been filed.

36. Calculation of time limitations will run from the Effective Date and be based on calendar days, unless otherwise noted. If a deadline under this Order falls on a Saturday, Sunday, or legal holiday, the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.

37. Should DKMC seek to transfer or assign all or part of its operations that are subject to this Order, DKMC must, as a condition of sale, obtain the written agreement of the transferee or assignee to comply with all applicable provisions of this Order.

38. The provisions of this Order will be enforceable by the Bureau. For any violation of this Order, the Court may impose the maximum amount of civil money penalties allowed under §1055(c) of the CFPA, 12 U.S.C. § 5565(c). In connection with any attempt by the Bureau to enforce this Order in federal district court, the Bureau may serve DKMC wherever DKMC may be found and DKMC may not contest that court's personal jurisdiction over DKMC.

39. This Order contains the complete agreement between the Parties. The Parties have made no promises, representations, or warranties other than what is contained in this Order. This Order supersedes any prior oral or written communications, discussions, or understandings.

40. Nothing in this Order may be construed as allowing DKMC, or its Board, officers, or employees to violate any law, rule, or regulation.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that:

41. The Court will retain jurisdiction over this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

DATED this 24th day of January, 2025.

_____
United States District Judge

The undersigned hereby apply for and consent to the entry of this Order:

Dated: January 24, 2025                    Respectfully submitted,

FOR THE CONSUMER FINANCIAL PROTECTION BUREAU:

ERIC HALPERIN
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

ADAM E. LYONS
Assistant Deputy Enforcement Director

*/s/ Charles Nier*_____
CHARLES NIER
*Special Counsel for Fair Lending*
ALICIA FERRARA
JOHANNA M. HICKMAN
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Telephone: 202-603-0581
Charles.Nier@cfpb.gov
Alicia.Ferrara@cfpb.gov
Johanna.Hickman@cfpb.gov

FOR DRAPER & KRAMER MORTGAGE CORPORATION:

*/s/ Matthew Madden*
MATTHEW MADDEN
Partner
McDermott Will & Emery LLP
444 West Lake Street
Suite 4000
Chicago, Illinois 60606
Tel: 312.372.2000
mmadden@mwe.com

*/s/ Allyson E. Riemma*
ALLYSON E. RIEMMA
Partner
McDermott Will & Emery LLP
444 West Lake Street
Suite 4000
Chicago, Illinois 60606
Tel: 312.372.2000
ariemma@mwe.com

*Attorneys for Draper & Kramer Mortgage Corporation*